UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELISHA WILLIS, ) | |
| ) | |
| Plaintiff, ) | Case: 1:25-cv-04617 |
| ) | |
| v. ) | |
| ) | |
| THE UNIVERSITY OF CHICAGO ) | |
| MEDICAL CENTER, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Felisha Willis ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against The University of Chicago Medical Center ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Felisha Willis, resided in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, The University of Chicago Medical Center, is a corporation doing business in and for Cook County whose address is 5841 South Maryland Avenue, Chicago, Illinois 60637-1443.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as an Anesthesia Technician through a staffing agency from approximately September 2024 until her unlawful termination on February 27, 2025.

12. Since at least September 2024 through February 27, 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within their protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

13. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

14. Beginning approximately one week after Plaintiff started working for Defendant, her supervisor, Don (LNU, male), began contacting her outside of work, making inappropriate and unsettling comments, and warning Plaintiff about interacting with certain individuals, suggesting that employees deemed a "problem" would be terminated.

15. In October 2024, Don asked Plaintiff out on a date, which she initially feared rejecting due to potential retaliation.

16. After securing another contract through her staffing agency, Plaintiff rejected Don's advances via text message.

17. Following her rejection, Don began following Plaintiff's personal social media, viewing her Instagram stories excessively, and creating an intrusive and intimidating environment.

18. Thereafter, Don assigned Plaintiff disproportionately more work compared to her coworkers.

19. Plaintiff was treated less favorably than similarly situated employees outside of her protected class.

20. After rejecting Don's advances, Plaintiff was assigned an unreasonable and

3

retaliatory workload, while other employees who had not opposed Don's conduct were not similarly burdened.

21. In December 2024, fearing further retaliation, Plaintiff engaged in protected activity by reporting Don's retaliatory conduct to the HR department of her staffing agency, which in turn raised her complaints with Defendant's HR manager.

22. In January 2025, Plaintiff met with Defendant's HR manager, provided evidence of Don's inappropriate behavior, and explained her concerns about retaliation.

23. Defendant retaliated against Plaintiff for engaging in protected activity by failing to take meaningful corrective action against Don and allowing him to remain in a supervisory role over her.

24. HR questioned Plaintiff in an accusatory manner about why she had not reported sooner and took no tangible steps to protect her from further retaliation.

25. On February 27, 2025, Taylor (LNU, female), another supervisor who was closely aligned with Don, abruptly terminated Plaintiff's employment, citing an innocuous social media post about a slow day at work.

26. Plaintiff was terminated despite never having received prior discipline and despite other employees engaging in more serious misconduct without termination.

27. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment, never receiving any performance warnings, write-ups, or disciplinary actions prior to the events surrounding her protected activity.

28. Plaintiff was unlawfully terminated because of her sex, (female) on February 27, 2025.

29. Plaintiff was retaliated against and her employment was ultimately terminated for

4

opposing unlawful discrimination and for exercising her protected rights.

30. Plaintiff reported the sexual harassment and sexual assault to Defendant.

31. Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

32. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

33. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

34. Plaintiff can show that they engaged in statutorily protected activity –a necessary component of their retaliation claim- because Plaintiff lodged complaints directly to her staffing agency, who then reached out to Defendant's HR, about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

37. Defendant knew or should have known of the harassment.

38. The sexual harassment was severe or pervasive.

39. The sexual harassment was offensive subjectively and objectively.

40. The sexual harassment was unwelcomed.

41. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

42. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

43. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of the Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

44. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

46. Plaintiff met or exceeded performance expectations.

47. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

48. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

49. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**

**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

52. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

53. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

54. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination.

55. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

56. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

57. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

58. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

59. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

60. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of

7

enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Pre-judgment and post-judgment interest;

f. Injunctive relief;

g. Punitive damages;

h. Reasonable attorney's fees and costs; and

i. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of April 2025.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*